ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MAYDA RODRÍGUEZ HERNÁNDEZ<br><br>Apelada<br><br>v.<br><br>JUNTA DE DIRECTORES CONDOMINIO VERDE MAR EN REP. DEL CONSEJO DE TITULARES DEL CONDOMINIO VERDE MAR T/C/C VERDEMAR<br><br>Apelantes | KLAN202400599 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Caso Núm. CA2021CV00471<br><br>Sobre: Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Romero García y el Juez Cruz Hiraldo[1].

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de diciembre de 2024.

I.

El 24 de febrero de 2021 la Sra. Mayda Rodríguez Hernández instó solicitud de *Sentencia Declaratoria*, al amparo de la Regla 59.1 de Procedimiento Civil.[2] Pidió que el Tribunal de Primera Instancia declarara que, como dueña del local comercial 102 del Condominio Verde Mar (Condominio), ostenta el uso y disfrute privativo y exclusivo de los estacionamientos señalados como locales número cuatro (4), cinco (5) y seis (6) del referido Condominio. En virtud de ello, solicitó que el Tribunal de Primera Instancia ordenara al Consejo de Titulares del Condominio Verde Mar respetar e hiciera valer este derecho de uso y disfrute exclusivo para ella como titular del local comercial 102, así como para sus inquilinos y/o visitantes.

---

[1] Por virtud de la Orden Administrativa OAJP-2021-086 se asigna el recurso del epígrafe a este Panel Especial. Debido a que la Hon. Gina R. Méndez Miró, dejó de ejercer funciones como Jueza del Tribunal de Apelaciones, mediante la Orden Administrativa OATA-2024-068 de 20 de junio de 2024, se designa al Hon. Joel A. Cruz Hiraldo en sustitución para entender y votar en este caso.
[2] R. P. Civ. 59.1, 32 LPRA Ap. V, R. 59.1.

El 4 de junio de 2021 la Junta de Directores del Condominio (Junta) contestó la *Demanda* negando todo lo allí alegado. Transcurridos varios trámites procesales, el 11 de abril de 2023, la Junta presentó una *Contestación Enmendada a Demanda* para añadir la defensa de prescripción adquisitiva. Culminado el descubrimiento de prueba, el 29 de enero de 2024, la Junta instó *Moción de Sentencia Sumaria*. El 21 de febrero de 2024, la señora Rodríguez Hernández presentó su *Oposición a Moción de Sentencia Sumaria y Solicitud que se Dicte Sentencia Sumariamente a Favor de la Parte Demandada*. Con las correspondientes Réplica y Dúplica fechadas 25 de marzo y 2 de abril de 2024, respectivamente, el caso quedó sometido para adjudicación.

El 16 de mayo de 2024, notificada el 17, el Tribunal de Primera Instancia dictó *Sentencia Sumaria*. Concluyó, que la señora Rodríguez Hernández tenía el derecho privativo y exclusivo de uso de los locales número cuatro (4), cinco (5) y seis (6) del referido Condominio e instó al Consejo de Titulares del Condominio Verde Mar respetar ese derecho de uso y disfrute exclusivo para el local comercial 102. En desacuerdo, el 17 de junio de 2024 la Junta presentó *Apelación* ante nos. Plantea:

> Primer Error: Erró el TPI, al determinar que a la impugnación de las actuaciones del Consejo de Titulares asignando el uso de los estacionamientos 4, 5 y 6 a todos los titulares no le aplica el término prescriptivo de dos (2) años cuando es un acto que puede válidamente realizar el Consejo de Titulares mediante voto unánime y por tanto no es contrario a la ley.

> Segundo Error: Erró el TPI al determinar que un Consejo de Titulares no puede adquirir por usucapión elementos privativos o de uso exclusivo de un solo titular perpetuando la decisión errada de Bravman v. Consejo de Titulares, 183 DPR 827 (2011) ("Bravman").

El 26 de junio de 2024 concedimos plazo de treinta (30) días a la señora Rodríguez Hernández para que presentara su alegato en oposición. El 29 de julio de 2024 compareció con su *Alegato de la*

*Parte Apelada.* Con el beneficio de la comparecencia de las partes, el Derecho y jurisprudencia aplicable, resolvemos.

II.

Por disponer de la presente controversia, atendemos en primer lugar el segundo señalamiento de error. En este, la Junta nos invita a "corregir" el estado de derecho establecido por nuestro Tribunal Supremo en el caso de *Bravman* v. *Consejo de Titulares*, 183 DPR 827 (2011), que resolvió que un Consejo de Titulares no puede adquirir por usucapión elementos privativos o de uso exclusivo de un titular. Sostiene que tal doctrina es contraria a la Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, según enmendada,[3] y la doctrina vigente en esta materia. Veamos.

En el nombrado caso de *Bravman* v. *Consejo*,[4] se estableció que la figura de la prescripción adquisitiva no tiene cabida dentro del régimen de propiedad horizontal y que, por tanto, un Consejo de Titulares no puede usucapir ni obtener mediante prescripción adquisitiva elementos comunes necesarios, elementos comunes generales ni mucho menos elementos privativos.

Eso es precisamente lo que la Junta desea que concluyamos, es decir, que adquirió mediante prescripción adquisitiva los locales cuyo uso y disfrute reclama la señora Rodríguez Hernández como su legítima dueña. No podemos ceder a su pretensión. Independientemente de su corrección, esta norma constituye una expresión clara y contundente de nuestro Tribunal Supremo, no sujeta a interpretación y mucho menos, susceptible de que este foro intermedio la ignore o desatienda.

---

[3] 31 LPRA § 1921 *et seq.*
[4] *Bravman* v. *Consejo de Titulares*, 183 DPR 827 (2011).

En su *Sentencia* dictada sumariamente, el Tribunal de Primera Instancia consignó como hechos no en controversia, los siguientes:[5]

1. El Condominio Verde Mar está ubicado en Isla Verde, Carolina, Puerto Rico y está sometido al régimen de propiedad horizontal por virtud de su Escritura Matriz, escritura núm. 16 del 23 de julio de 1968 ante el Notario Ramón Lomba Miranda, titulada "Escritura Estableciendo Régimen de la Propiedad Horizontal para Edificio de Apartamentos".

2. La Escritura Matriz del Condominio Verde Mar fue enmendada a través de Acta Aclaratoria, escritura núm. 1,130 con fecha de 18 de diciembre de 1968 y otorgada ante la Notario Ernestina Sepúlveda.

3. En esta Acta Aclaratoria se establece (entre otras cosas) que por error involuntario se omitió señalar que "los locales descritos como estacionamientos privativos y señalados como locales números Uno (1), Dos (2), Tres (3), Cuatro (4), Cinco (5) y Seis (6) en vez de ser individualmente privativos son áreas asignadas al uso exclusivo del local denominado local Ciento Dos (102)."

4. Tanto la Escritura Matriz del Condominio Verde Mar como el Acta Aclaratoria están inscrita en el Registro de la Propiedad.

5. Los estacionamientos señalados como locales uno (1), dos (2) y tres (3) no existen en la actualidad en el Condominio.

6. La Parte Demandante, Mayda Rodríguez Hernández, es la dueña registral de los locales comerciales 101 y 102 del Condominio Verde Mar.

7. La Parte Demandante adquirió dichos locales de la siguiente manera: una parte mediante Sentencia Declaratoria con fecha de 8 de abril de 2015, caso civil número CA2021CV0047; y la otra mediante Dación en Pago por escritura número 153 otorgada el 13 de noviembre de 2015 ante la Notario Yamellis Marrero Figueroa.

8. El local 102 es la finca 27739 y está inscrita al Folio 276 del Tomo 554, primera sección del Registro de la Propiedad de Carolina.

9. La Escritura núm. 153 contiene una nota al calce donde la Notario Yamellis Marrero Figueroa, da fe y hace constar de la siguiente manera "Se hace constar que el apartamento 102, o sea la propiedad 27739, tiene a su favor el uso exclusivo de los estacionamientos privados, designados con los nombres local cuatro, local cinco y local seis REPITO LA FE."

---

[5] Apéndice 8 del recurso, págs. 185-192.

10. La Escritura Matriz del Condominio Verde Mar y su Acta Aclaratoria establecen que los estacionamientos señalados como locales cuatro (4) cinco (5) y seis (6) son de uso privativo y exclusivo del local 102.

11. El Consejo del Condominio Verde Mar ha privado a la Parte Demandante del uso y disfrute pleno de su propiedad al no hacer valer ante todos los titulares ni respetar la utilización libre y exclusiva de los espacios de estacionamientos identificados cómo local cuatro (4), cinco (5) y seis (6) perteneciente al local comercial 102, situación que aún continúa.

Habiendo el Tribunal de Primera Instancia determinado, como cuestiones incontrovertibles, que, el uso exclusivo de los estacionamientos privados designados como local cuatro (4), cinco (5) y seis (6) corresponde al local comercial número 102 perteneciente a la señora Rodríguez Hernández, no puede prevalecer la Junta en su reclamo. Tal y como dispuso el citado caso de *Bravman* v. *Consejo*,[6] reconocerle la potestad de adquirir por prescripción adquisitiva parte de los bienes privativos dentro del régimen de propiedad horizontal, que le corresponde proteger, atenta contra la naturaleza misma de dicho ente y trastoca los cimientos de la Ley de Condominios. No erró el Tribunal de Primera Instancia al así resolver.

III.

En su primer señalamiento de error, la Junta sostiene que la acción de la señora Rodríguez Hernández está prescrita. Sin embargo, su contención parte de la errónea premisa de que la acción del Condominio de ocupar los estacionamientos en controversia por haber adquirido su titularidad por prescripción adquisitiva, es válida o a lo sumo, anulable. Como ya hemos indicado, ante la imposibilidad jurídica de adquirir dichos locales a través de la prescripción adquisitiva, el acuerdo del Consejo de Titulares contrario a esa realidad jurídica es ilegal y por tanto, nulo, nunca existió por lo que no hay un término de prescripción que milite en

---

[6] *Id.*

contra de la reclamación de la señora Rodríguez Hernández. Nos explicamos.

En *Pereira Suárez* v. *Jta. Dr.,* 182 DPR 485 (2011) se resolvió que, "[c]uando se trata de actos que estén tajantemente prohibidos por la Ley de Condominios, se está ante una actuación nula, no meramente anulable, y por eso no hay término prescriptivo para incoar la acción".[7] El estado de derecho vigente en nuestro ordenamiento jurídico es que el Consejo de Titulares no puede usucapir ni obtener mediante prescripción adquisitiva elementos comunes necesarios, elementos comunes generales ni mucho menos elementos privativos.

A la luz de las determinaciones de hechos a las que llegó el foro recurrido, y siendo precisamente la pretensión de la Junta usucapir los locales de estacionamientos pertenecientes a su legítima titular, la señora Rodríguez Hernández, resulta en una acción totalmente ilegal, contraria a derecho. Ello así, no hay término prescriptivo para presentar una reclamación. Este error tampoco se cometió.

IV.

Por los fundamentos expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] *Id.* en la pág. 502.